IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Gary Fred Henderson and Dana Lucinda Henderson,<br><br>Debtors. | C/A No. 05-14925-JW<br><br>Chapter 7 |
|---|---|
| IN RE:<br><br>James Dwight Henson and Kathryn Gregg Henson,<br><br>Debtors. | C/A No. 05-14913-JW<br><br>Chapter 7 |

## ORDER DENYING EX PARTE RELIEF, CONTINUING RULE TO SHOW CAUSE, AND
## NOTICE TO CERTAIN PARTIES REPRESENTED BY BLAINE T. EDWARDS

This matter comes before the Court on a continued hearing on a Rule to Show Cause issued by the Court in each of the above captioned cases based upon a Motion to Disgorge Attorney's Fees filed *pro se* by Gary Fred Henderson and Dana Lucinda Henderson (the "Hendersons") and a Motion to Disgorge Attorney's Fees filed *pro se* by James Dwight Henson and Kathryn Gregg Henson (the "Hensons") (collectively referred to as "Debtors"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

Debtors' motions raised issues concerning the quality of attorney Blaine T. Edwards' ("Edwards") representation of Debtors. The Court therefore issued the Rule to Show Cause and thereby ordered Edwards to appear to explain his failure to provide competent, diligent representation to Debtors, to show cause why fees paid by Debtors in this matter should not be disgorged, and to show cause why further sanctions should not be imposed. An order on this matter

was issued on September 5, 2006, which required Edwards to disgorge, within five (5) days of the entry of the order, fees paid by Debtors to Edwards. The September 5, 2006 order also continued the Court's consideration of discipline against Edwards in order to provide Debtors and Edwards more time to access information relevant to the Rule to Show Cause. At issue is attorney Edwards' suspension from practice in this Court.[1] The Court shall also consider Edwards' *ex parte* letters to the Court seeking certain relief. Based upon the record of these cases and applicable law, the Court makes the following Findings of Fact and Conclusions of Law.[2]

## FINDINGS OF FACT

1. Prior to October 17, 2006, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Reform Act"), Debtors retained Edwards to prepare and file documents necessary for Debtors to commence and complete their respective cases under chapter 7 of the Bankruptcy Code.

2. Edwards filed the respective cases for Debtors on October 16, 2005, thereby making the pre-Reform Act bankruptcy law applicable to these cases.[3] Debtors' schedules and statements of financial affairs were due October 31, 2005, fifteen days after the filing of the petition.

3. On November 1, 2005, Edwards filed an untimely motion in each case to extend time to file schedules and a statement of financial affairs pursuant to Fed. R. Bankr. P. 1007(c) on grounds of "ongoing technical difficulties" within Edwards' office and based upon the fact that Edwards filed 35 cases on October 16, 2005.[4]

---

[1] As noted herein, Edwards was suspended by this Court subsequent to the issuance of the Rule to Show Cause. Edwards' suspension is based upon his suspension from practice before the United States District Court for the District of South Carolina. For the reasons set forth herein, this Court may further condition Edwards' ability to practice before this Court.

[2] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

[3] The undersigned was assigned these cases on March 1, 2006 upon the retirement of a former bankruptcy judge.

[4] The Court takes judicial notice that an unprecedented number of bankruptcy petitions were filed the weekend before the effective date of the Reform Act, with the majority filed to avoid the perceived stringent requirements placed upon debtors under the new law. This Court granted debtors' attorneys, including Edwards, extensions of time to file

4. The Court granted the requests and provided Debtors with an additional fifteen days to file Debtors' schedules and statements of financial affairs.

5. These documents were not timely filed and each case was dismissed on November 16, 2005.

6. On behalf of Debtors, Edwards moved on November 22, 2005 to reconsider the dismissal of each case on grounds that the failure to file the required documents was due to no fault of Debtors but due to "ongoing technical difficulties and delays" in his office associated with electronic filing. Edwards further represented in his motions that he would file the missing schedules and statements within two days of the reinstatement of each case.

7. On November 22, 2005, the Court granted the motions to reconsider and provided Edwards an additional six days to file the required schedules and statements.

8. Again, these documents were not filed and each case was dismissed on November 29, 2005.

9. Edwards also failed to file a statement in each of these cases disclosing his compensation, including amounts previously paid to him, pursuant to 11 U.S.C. § 329(a).[5]

10. Edwards was suspended on an interim basis from the practice of law by the Supreme Court of South Carolina on August 21, 2005. The South Carolina Supreme Court appointed James Cassidy ("Cassidy") as custodian of Edwards' attorney files.

11. The United States District Court for the District of South Carolina suspended Edwards on August 29, 2006 pursuant to its local rules. See Local Rule 83.I.08, DSC (RDE Rule

---

schedules and other required documents to accommodate for the volume of cases filed before October 17, 2005. This Court also provided three of Edwards' clients with extraordinary relief and allowed their cases to be deemed filed on October 16, 2005, even though their cases were not technically filed until after October 16, 2005. See Harmyk, C/A No. 05-14944 (Bankr. D.S.C. Oct. 21, 2005) (granting Motion to Consider Voluntary Petition to be Filed Pursuant to Applicable Bankruptcy Law in Effect Prior to October 17, 2005); Whitfield, C/A No. 05-14945 (same); In re Wright, C/A No. 05-14947 (same).

[5] Further references to the Bankruptcy Code (11 U.S.C. § 101 et seq.) shall be made by section number only.

II(G)). Upon learning of Edwards' suspension by the District Court, this Court suspended Edwards on September 20, 2006 based upon Edwards' suspension from practice by the District Court.

12. Debtors moved by the *pro se* filings in their cases to disgorge fees they each paid to Edwards. Debtors' motions indicate that Edwards failed to provide competent and diligent representation.

13. The Court issued a Rule to Show Cause on August 25, 2006, pursuant to Debtors' motions, and ordered Edwards to appear to explain his failure to provide competent and diligent representation to Debtors, to show cause why his fees in these cases should not be disgorged, and to show cause why further sanctions should not be imposed, including but not limited to suspension from practice before this Court and/or disgorgement of fees in other cases.[6] The Court scheduled a hearing on the Rule to Show Cause and Debtors' motions to disgorge attorneys' fees for August 31, 2006.

14. Edwards submitted a facsimile letter to chambers on August 30, 2006, the day before the hearing. In the letter, Edwards requested a continuance of the August 31, 2006 hearing on grounds that he was not in possession of his files and he also requested that the Court enjoin Cassidy from returning Edwards' files to his clients, as instructed by the South Carolina Supreme Court. Edwards also requested that this Court authorize him to continue representing his clients in this Court under the supervision of a bankruptcy attorney.

15. The Court denied the request for the continuance on August 30, 2006.

16. On August 31, 2006, the Court held a hearing on the Rule to Show Cause and Debtors' motions to disgorge attorneys' fees. Debtors appeared at the hearing and proffered testimony as to their dealings with Edwards and his failure to provide competent and diligent representation. Debtors proffered testimony of their extensive efforts to complete their schedules

---

[6] As set forth herein, Edwards filed numerous other cases on October 16, 2005. The record in these cases also indicates that Edwards failed to file schedules, resulting in the dismissal of those cases.

and provide Edwards with the information necessary to complete their filings. Debtors' proffered testimony indicates that Edwards generally refused to see them or return their phone calls after they paid Edwards' retainer fee.

17. At the hearing, Edwards was represented by attorney Robert Cooper ("Cooper"), an experienced bankruptcy attorney, who presented arguments on Edwards' behalf. At that hearing, Edwards did not offer testimony or other evidence and did not assert or demonstrate any mental or physical incapacity that would prevent him from making a defense. Although the Court offered to allow Edwards to question Debtors, Cooper declined for Edwards indicating that they did not wish to put Debtors "through any more" and that Edwards did not oppose the disgorgement of fees. Neither Edwards nor his counsel challenged the facts offered by Debtors. Cooper also did not challenge the jurisdiction of the Court, specifically stating that Edwards "was not challenging the court's authority" with regard to the Rule to Show Cause or Debtors' motions and that Edwards wished to apologize to Debtors. At the hearing, the Court denied the request for an injunction of Cassidy and his activities as custodian of Edwards' attorney files- as appointed by the South Carolina Supreme Court, denied Edwards' request to practice under supervision of a bankruptcy attorney, and granted Debtors' motions to disgorge.

18. The Court entered a detailed order in each of these cases on September 5, 2006. The order found that Edwards failed to provide competent and diligent representation to Debtors, which resulted in severe damage to Debtors, including the loss of a home through foreclosure after the bankruptcy case was dismissed. The Court ordered Edwards to disgorge the attorneys' fee paid by Debtors to them within five (5) days from the entry of the order. The order also continued the hearing to September 21, 2006 to consider other sanctions and provide Edwards time to obtain a copy of his files. The Court also ordered any payment due Edwards from distributions in other

cases administered by trustees in this District to be reported and withheld until further order of the Court.

19. On the eve of the continued hearing on the Rule to Show Cause, Edwards telefaxed a second *ex parte* letter to chambers. In the second letter, Edwards requested a continuance of the hearing scheduled for September 21, 2006 on grounds that he suffered from an undisclosed medical condition and was seeking treatment at an unspecified time. According to the second letter, Edwards experienced an adverse prescription drug reaction beginning on August 17, 2006, which left him incapacitated until the time that he stopped taking the medication on September 14, 2006. Edwards alleges that this adverse reaction left him disabled at the time of the hearing on August 31, 2006 and presumably at the time he drafted the coherent, succinct *ex parte* letter to chambers dated August 30, 2006. Edwards did not provide a doctor's excuse or any other form of evidence to substantiate his allegation of medical disability. Edwards moved to reconsider the previous order denying his request for a continuance, on the "non-exclusive" grounds that this Court lacked jurisdiction and that Edwards was medically incapacitated at the August 31, 2006 hearing. Edwards also "objected" to the September 5, 2006 order on grounds that he lacked mental capacity and that this Court exceeded its jurisdiction in ordering the disgorgement of fees. Edwards requested that the Court strike unspecified portions of the order. Finally, Edwards requested that the Court dismiss Debtors' motions to disgorge and remove him as attorney of record in all of his pending cases. Edwards cited no law to support any of these requests.

20. On September 20, 2006, the Court entered an order denying Edwards' request for a continuance.

21. On September 21, 2006, the Court held a continued hearing on the Rule to Show Cause. Debtors and Cooper again appeared. Debtors indicated that they did not wish their cases to be reopened having already suffered the loss of property as a result of their failed bankruptcy cases

and considering their loss of time and money in working with Edwards in these cases. Cooper indicated that he no longer represents Edwards. Edwards did not appear as ordered.

22. Debtors indicated at the continued hearing on the Rule to Show Cause that Edwards had not complied with the Court's prior order on disgorgement. Thus, simultaneous with the issuance of this Order, the Court has issued a second Rule to Show Cause based upon Edwards' failure to comply with the prior order of September 5, 2006 and failure to appear on September 21, 2006. The second Rule to Show Cause and the remaining aspects of the first Rule to Show Cause are scheduled to be heard by the undersigned on October 19, 2005 at 9:00 a.m. at the Donald S. Russell Federal Building, 201 Magnolia Street, Spartanburg, South Carolina.

## CONCLUSIONS OF LAW

### I. Jurisdiction

Pursuant to 28 U.S.C. § 1334, this Court has original jurisdiction in all civil proceedings arising under, arising in, or related to a case under Title 11. See also Local Civil Rule 83.IX.01 DSC (referring all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a cause under Title 11 to this Court). Debtors' motions to disgorge attorneys' fees and the related Rule to Show Cause specifically arise under and relate to Debtors' cases under Title 11 and are therefore core matters pursuant to 28 U.S.C. § 157(b)(2).[7] See 11 U.S.C. § 329(b) (providing statutory grounds under Title 11 for this court to review and disgorge attorneys' fees) In re Lehtinen, 332 B.R. 404 (9th Cir. BAP 2005) (finding an attorney disciplinary proceeding came within ambit of bankruptcy court's "core" jurisdiction, where conduct on which disciplinary sanction was predicated took place in course of attorney's representation of Chapter 13 debtor in

---

[7] It further appears that this issue has been waived by Edwards' failure to timely raise the issue at the hearing on August 31, 2006 and Cooper's statement on the record that Edwards was not challenging the authority of the Court to hear the matters on August 31, 2006. See In re Johnson, 960 F.2d 396, 403 (4th Cir. 1992) (finding a party may implicitly consent to the bankruptcy court hearing a non-core matter by failing to raise a timely objection).

matters central to administration of bankruptcy case); Matter of Swift, 185 B.R. 963, 968 (Bankr. N.D. Ga. 1995).

Edwards appears to suggest that this court lacks jurisdiction because these cases are closed and that Debtors are not litigants before the Court. The fact that these cases are closed does not divest this Court of jurisdiction as jurisdiction is not dependant on the technicality of a case being "open." See In re Green, C/A No. 03-05607-W, slip op. (Bankr. D.S.C. Apr. 1, 2005) (citing cases); In re Neiman, 257 B.R. 105 (Bankr. S.D. Fla. 2001) (finding that the bankruptcy court retained jurisdiction to impose Rule 9011 sanctions for any abuses by debtor in Chapter 13 filing, notwithstanding debtor's voluntary dismissal of case); In re Kitchin, 327 B.R. 337 (Bankr. N.D. Ill. 2005) (finding that the bankruptcy court retains jurisdiction after a case is closed to consider sanctions under Rule 9011 or any other authority); In re Quaker Distributors, Inc., 189 B.R. 63 (Bankr. E.D. Pa. 1995) (finding that even after a case is dismissed the court retains jurisdiction under § 329 to determine whether debtor's counsel was entitled to fees). Nothing in 11 U.S.C. § 1334 suggests that jurisdiction is extinguished upon the administrative closing of the case. To hold otherwise, would allow Edwards and other attorneys to escape review of their performance based upon their very failure to provide adequate services to debtors which results in the dismissal of the case. The reopening of a case is within the discretion of the Court; however, in these cases, Debtors did not ask or wish to have their cases reopened. Reopening may bring further harm to Debtors through an additional report of bankruptcy on Debtors' credit and it may also place additional responsibilities on the chapter 7 trustee, cause confusion for Debtors' creditors, and potentially reinstate the automatic stay.

Edwards also suggests in his second letter that jurisdiction to investigate and regulate his performance as an attorney rests exclusively within South Carolina Office of Disciplinary Counsel or some other state authority. This position ignores Supreme Court precedent that federal courts

8

have autonomous control over the conduct their officers and may discipline attorneys to the exclusion of the state system. See Thread v. U.S., 354 U.S. 278, 77 S.Ct. 1274 (1957). See also Wrighten v. U.S., 550 F.2d 990 (4th Cir. 1977); McDow v. Held (In re Forester), C/A No. 95-72290-W, Adv. Pro. No. 95-8277-W, slip op. (Bankr. D.S.C. Mar. 14, 1996) (suspending an attorney although no action had taken by the state court). It is well recognized in this Circuit, that bankruptcy courts have the inherent authority to sanction and discipline parties that appear before it. See In re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997). This includes attorneys that have already been suspended by the state court. In re Grimsley, C/A No. 04-02072-W, slip op. at 15 (Bankr. D.S.C. May 26, 2006). This Court is specifically vested with the authority by the South Carolina District Court to determine whether an attorney is fit to practice before this Court. See Local Civil Rule 83.IX.02 DSC. In addition to the authority of the Court to sanction or disbar Edwards, the Court has the statutory duty and authority to review fees paid to Edwards and to order the disgorgement of those fees that exceed the reasonable value of services provided by Edwards. See 11 U.S.C. § 329(b); In re Stamper, C/A No. 02-09812, slip op. at 8-9 (Bankr. D.S.C. Dec. 19, 2005). Discipline of attorneys that appear in this Court and disgorgement of fees in bankruptcy cases is not within not the exclusive province of the licensing state court but rather falls squarely within the jurisdiction of this Court.

## II.    Request for Continuance and Motion to Reconsider Denial of Continuance

Edwards moves to reconsider the denial of his request for a continuance and sought a continuance of the September 21, 2006 hearing, each on grounds of an alleged medical disability and his intent to seek further medical attention.[8] As recently discussed in In re Robertson, there is a presumption that every person is competent to be a witness. See In re Robertson, C/A No. 05-

---

[8] Having not stated a rule that he is proceeding under for reconsideration of the request to continue, the Court presumes that Edwards is proceeding under Rule 54 since denial of a request for a continuance is interlocutory. See e.g., Hagood v. Sommerville, 362 S.C. 191, 607 S.E.2d 707 (S.C. 2005) (citing cases and noting that the denial of a motion to continue is interlocutory).

07371-W, slip op. at 6 (Bankr. D.S.C. Aug. 8, 2005) (affirmed Robertson v. McDow, C/A No. 6:05-2776-HFF-BHH (D.S.C. Aug. 24, 2006). At the hearing on August 31, 2006, Edwards was represented by counsel, who described Edwards as "very smart."[9] At the hearing, the Court closely observed Edwards' demeanor and his interaction with Cooper, as he assisted Cooper in presenting his position on these matters to the Court. Edwards appeared competent and mentally fit. Edwards has also twice written the Court. Although his letters are improper *ex parte* communications, the letters are lawyer-like and lucid. Based upon the foregoing and the lack of evidence to rebut the presumption that Edwards is competent, the Court believes that Edwards is in fact mentally competent and able to appear.[10] In this Court's view, Edwards' assertions as grounds for a continuance lack all credibility and are not adequately demonstrated and appear unfounded. Therefore, the Court believes it was correct in denying Edwards' continuance requests and the Court may hold Edwards in contempt if he fails to appear at the continued hearing in this matter.[11] See id. (holding "determination of competency of both counsel and a witness rests within the sound discretion of the trial court.").

### III.    Objection to September 5, 2006 Order

Edwards "objects" to the September 5, 2006 order disgorging his fees. Edwards alleges lack of mental capacity at the hearing on August 31, 2006 and that this Court exceeded its jurisdiction. As previously discussed, the jurisdiction of this Court to hear Debtors' motions and the First Rule to Show Cause is well established. The Court also believes that Edwards was competent on August

---

[9] The Court notes that Edwards is represented by Cooper in this matter until such time as Cooper formally withdraws as counsel by motion and the motion is approved by written order of this Court.

[10] As indicated in the Hensons' motion, they were previously delayed by Edwards' claims that he suffered a heart attack, a stroke, stress, and/or the flu.

[11] Edwards' first request for a continuance was based only on the fact that he was not in possession of his files. Despite Debtors request for disgorgement and their proffer of facts that clearly indicate his failure to competently and diligently represent them, Edwards did not challenge these facts. Also, as noted in this September 5, 2006 Order, Edwards was required under Title 11 and the Federal Rules of Bankruptcy Procedure to disclose the compensation that he received before these cases were dismissed. Therefore, Edwards cannot complain that he lacked information about the fees he received in these cases, when the lack of information is due to Edwards' failure to make the required record in these cases.

31, 2006 based upon its observation of Edwards and any issue of Edwards' lack of competence is mitigated by the fact that he was represented by a skilled attorney at the hearing.

Edwards also "object[s] to this Court's characterization of the facts as stated in its September 5th Order and respectfully requests that they be stricken...." Edwards fails to point to specific errors of the order, which is alone sufficient grounds to deny the objection. See Fed. R. Bankr. P. 9013 (stating that a request for an order shall be made by written motion and the motion shall state with particularity the grounds for relief). Assuming that Edwards disagrees with all facts and conclusions in the order, the Court would deny the request, notwithstanding its numerous procedural deficiencies, as the facts and conclusions of law set forth in the September 5, 2006 order are within the scope of this proceeding and are well grounded in the law. Edwards declined to challenge Debtors' proffer of facts and declined the invitation of the Court to question Debtors or present contrary proof. He has presented no evidence that his representation of Debtors was proper or complete or that his fees should not be disgorged based upon his failure to file necessary documents for Debtors, which is a matter of record. Also, as a matter of record, Edwards failed to file statements disclosing the compensation he received from Debtors, which alone is sufficient grounds to sanction Edwards and disgorge all of the attorneys' fees he received in these cases. See In re TJN, Inc., 194 B.R. 400 (Bankr. D.S.C. 1996) (finding the court has discretion to reduce attorneys' fees when an attorney fails to timely file a statement of compensation); In re Bell, 212 B.R. 654 (Bankr. E.D. Cal. 1997) (finding an attorney may be denied all compensation by failing to file a statement of compensation); In re Hackney, 347 B.R. 432, 442-443 (Bankr. M.D. Fla. 2006) (holding "'[t]he disclosure requirements imposed by § 329 are mandatory'.... [a]ttorneys who fail to disclose compensation timely should suffer strict and quick consequences including the imposition of sanctions or the disgorgement of all fees paid in the case") (internal citations omitted). The Court is not aware of any procedure by which a party may "object" to an order other than

through the process of appeal or by a proper motion to reconsider. Edwards has filed neither with respect to the order. To the extent that the second letter constitutes a motion to reconsider the September 5, 2006 order, it is denied as being untimely and lacking merit. See Fed. R. Bankr. P. 9023; Franke v. Tiffany ( In re Lewis), 113 F.3d 1040, 1044 (9th Cir. 1997) (holding that an order to disgorge funds was "final," even though the order did not distribute the funds).

### IV.    Motion to Dismiss Debtors' Motions

Finally, Edwards seeks to dismiss Debtors' motions based upon lack of jurisdiction and Edwards' inability to disclose client confidences in his defense. He requests that the Court remand the matter to the Disciplinary Counsel. Edwards did not raise these issues at the hearing on August 31, 2006, although he was represented by able counsel who could have raised them if he believed they had merit. The suggestion that Edwards cannot defend the action because he cannot disclose communications with Debtors is erroneous because any such privilege belongs to Debtors, not to Edwards, and Debtors may waive the privilege. See State v. Thompson, 329 S.C. 72, 495 S.E.2d 437, 439 (S.C. 1997) (finding the attorney-client privilege belongs solely to the client and may be waived by client). Debtors have waived any privilege between them an Edwards, in this matter, by putting the nature and quality of Edwards' advice and services at issue through their motions to disgorge. See Connell, Foley & Geiser, LLP v. Israel Travel Advisory Services, Inc., 872 A.2d 1100, 1107 (N.J. Super. Ct. App. Div. 2005) (finding that a client implicitly waives an attorney-client privilege by bringing a malpractice action). Edwards has presented no evidence that any of his communications with Debtors mitigate against or otherwise are contrary to the clear indication in the record and by Debtors' testimony that Edwards failed to file schedules for Debtors and otherwise failed to competently represent them, which resulted in the dismissal of their cases and, potentially, irreparable prejudice. Therefore, Edwards' request to dismiss Debtors' motions is denied.

V.    *Ex parte* **Communications**

Edwards' two letters to the Court are improper pursuant to Fed. R. Bankr. P. 9003(a). Although Edwards' requests for a continuance were properly communicated to the Court by facsimile pursuant to SC LBR 9014-3 (adopting chambers guidelines in contested matters), his request for an injunction, objection to the September 5, 2006 order, request to dismiss Debtors' motions, request to reconsider the denial of continuance requests, motion to be relieved as counsel, and general challenge to the jurisdiction of this Court are each improper as *ex parte* communications. There is no evidence that the chapter 7 trustee or Debtors were served with copies of these letters. To the extent that these letters request affirmative relief, they also violate numerous provisions of local and national rules. See e.g., Fed. R. Bankr. P. 7001(7) (stating that a request for an injunction must be brought by an adversary proceeding); Fed. R. Bankr. P. 9004(b) (stating each pleading filed shall contain a proper caption); Fed. R. Bankr. P. 9013 (stating that a request for an order shall be made by written motion and the motion shall state with particularity the grounds for relief); Fed. R. Bankr. P. 9014(b) (stating motions shall be served pursuant to Rule 7004); SC LBR 9010-1(d) (stating that an attorney who seeks to withdraw as counsel must file a motion); SC LBR 9014-1(b)(1) (motions shall be filed and served on the appropriate parties and the party shall file a certificate of service). As recently discussed by Judge Burris, the filing of pleadings by facsimile is not acceptable unless the party also submits a motion to allow the filing and an affidavit setting forth in detail the reasons for not complying with this Court's guidelines on filing documents. See In re Fowlkes, C/A No. 06-03950-HB, slip op. (Bankr. D.S.C. Sept. 28, 2006). Edwards' failure to comply with this Court's operating orders regarding the filing of pleadings is also grounds to deny the relief he seeks. See id. at 6.

Edwards is admonished for engaging in *ex parte* communications and ordered to refrain from further *ex parte* communications or face additional sanctions. To the extent that Edwards

13

seeks to represent himself and seeks relief in this Court, he must comply with the applicable rules of procedure and filing guidelines set forth in operating orders. Unless otherwise authorized by this Court, Edwards must conventionally file with the Clerk of Court all pleadings that he wishes for this Court to consider.[12] The pleadings shall contain a proper caption, be served by Edwards on all parties effected by the pleading and the United States Trustee, and be accompanied by a certificate of service and a memorandum of law.[13]

## VI.   Disgorgement of Fees

It appears from Debtors' testimony and the record of the Court that Edwards' representation as attorney for Debtors falls below the acceptable standard of professional conduct. See In re Feagins, C/A No. 05-08208-W, slip op. at 5 (Bankr. D.S.C. Jan. 18, 2006) (finding an attorney owes a duty to provide competent and diligent representation). Debtors' cases were twice dismissed for Edwards' failure to file documents on their behalf based on information previously provided by them and they have suffered severe, perhaps irreparable, harm. Edwards' failure to provide adequate representation of Debtors warrants the disgorgement of his fees and other sanctions. It further appears that Edwards has failed to comply with the September 5, 2006 order, which provide him five days to disgorge the fees to Debtors. It appears that Gretchen Holland, a chapter 13 trustee within the District, has a balance of $547.00 due Edwards for attorneys' fees due in various prior chapter 13 cases in which he served as attorney. Within ten (10) days from the entry of this Order, Holland shall distribute this balance on a pro rata basis to Debtors as follows: $221.22 to the Hendersons and $325.78 to the Hensons. The Court again orders Edwards to disgorge the balance of all fees received from Debtors within (10) days from the entry of this Order and file a certificate

---

[12] Electronic filing privileges offered Edwards were suspended on September 20, 2006 as well.
[13] To the extent that Edwards seeks to withdraw as counsel of record in cases pending before this Court, he must file a motion in each case in compliance with SC LBR 9010-1(d).

14

of compliance with this Order on or before October 17, 2006. Payment to Debtors shall be made at the addresses shown on their respective motions.

In as much as Edwards is presently suspended from practice before this Court, as a consequence of the District Court suspension, the Court need not take further immediate action regarding his ability to currently practice in this Court, except that Edwards' suspension from practice before this Court shall continue, regardless of reinstatement by the District Court, until further order of this Court. Upon reinstatement by the District Court, Edwards may make a motion to this Court for reinstatement, to be served upon the United States Trustee and all trustees within the Greenville-Spartanburg division of this District. Reinstatement to practice before this Court may be conditioned upon his compliance with orders of this Court and such other conditions as this Court may impose. See Local Civil Rule 83.IX.02 DSC (providing this Court with the authority to regulate admission to practice before this Court).

**VII    Notice to Edwards' Clients**

It appears from the record of this Court that the sequence of events in these cases may indicate a pattern common to other cases filed by Edwards on October 16, 2005.[14] The Court is concerned that numerous individuals may have been similarly harmed by Edwards' conduct and may not be adequately advised of the proceedings concerning Edwards as their cases may no longer be pending. The Clerk of Court shall serve a copy of this Order in all closed cases, which were filed after October 1, 2005 and dismissed for the failure to file a document, in which Edwards has appeared as the attorney for a debtor. The Clerk of Court shall also serve a copy of this Order on

---

[14] See In re Schmidt, C/A No. 05-14885 (filed on October 16, 2006, dismissed for failing to file schedules, reinstated, and dismissed again on November 29, 2005 for failure to file schedules); In re Wallace, C/A No. 05-14886 (same); In re Marianetti, C/A No. 05-14889 (same); In re Brooks, C/A No. 05-14890 (same); In re Bunce, C/A No. 05-14893 (same); In re Harris, C/A No. 05-14895 (same); In re Gallego, C/A No. 05-14896 (same); In re Bradshaw, C/A No. 05-14903 (same); In re Henderson, C/A No. 05-14904 (same); In re Finley, C/A No. 05-14906 (same); In re Vallely, C/A No. 05-14909 (same); In re Shirley, C/A No. 05-14910 (same); In re Connolly, C/A No. 05-14914 (same); In re Carson, C/A No. 05-14916 (same); In re Fifer, C/A No. 05-14919 (same); In re Storay, C/A No. 05-14920 (same); In re Williams, C/A No. 05-14922 (same); In re Solesbee, C/A No. 05-14924 (same); In re Bradley, C/A No. 05-14927 (same); In re Ries, C/A No. 05-14929 (same); In re Whitfield, C/A No. 05-14903 (same).

the United States Trustee, the South Carolina Office of Disciplinary Counsel, Cassidy, Cooper, Edwards, Gretchen D. Holland, and all chapter 7 trustees within the Greenville-Spartanburg division. The Clerk of Court may provide all such other notice of this Order and the October 19, 2006 hearing as she deems appropriate.

## CONCLUSION

The Court continues the First Rule to Show Cause and Edwards' Motion to Withdraw until October 19, 2006 at 9:00 a.m. to be held at the Donald S. Russell Federal Building, 201 Magnolia Street, Spartanburg, South Carolina. Edwards shall appear at this hearing to show cause why further sanctions should not be imposed or limits placed on his ability to gain reinstatement to practice before this Court based upon his representation of Debtors in these cases and in all other cases filed in this Court in which he failed to file documents on behalf of his clients. The Court retains jurisdiction for consideration of these matters.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
October 4, 2006